# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MCDONALD DATA SERVICES, INC. and and CHRIS HENRETTA | § § § | |
| v. | § § | CASE NO. 4:13-CV-384 Judge Mazzant |
| SECURE ONE DATA SOLUTIONS, LLC | § § | |
| v. | § § | |
| ST. CLOUD CAPITAL PARTNERS II, L.P. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Summary Judgment (Dkt. #54) and Intervenor's Motion for Summary Judgment and Brief in Support (Dkt. #71). After reviewing the relevant pleadings, the Court finds that the motions should be denied.

## BACKGROUND

On September 6, 2007, Intervenor St. Cloud, individually and as successor-in-interest to St. Cloud Capital Partners II, L.P., and Cal Coast Data Entry, Inc. ("CCDE") entered into a credit facility evidenced, in part, by a Securities Purchase Agreement ("SPA") and Secured Promissory Notes ("Note One") (Dkt. #60 ¶ 9). Subsequently, CCDE formed Secure One as a wholly owned subsidiary (Dkt. #60 at ¶ 10).

In April 2008, Secure One executed a Loan Assumption Agreement becoming an obligor under Note One and the SPA (Dkt. #60 at ¶ 11). Secure One executed a Joinder Agreement and pledged its assets under the SPA (Dkt. #60 at ¶ 11).

On October 1, 2008, Secure One signed a Secured Promissory Note under which Secure One agreed to pay St. Cloud the sum of $1,500,000 ("Note Two") (Dkt. #60 at ¶ 12). On the same date, Secure One signed a Pledge and Security Agreement (the "PSA") under which Secure

1

One granted St. Cloud a security interest in the Collateral (as defined in the PSA) (Dkt. #60 at ¶ 12).

Also on October 1, 2008, Secure One, on the one hand, and McDonald and Data Preparation Int'1, Ltd. ("Data Preparation"), on the other hand, executed an Asset Purchase Agreement and Promissory Note (collectively referred to as the "APA") (Dkt. #60 at ¶ 13). McDonald and Data Preparation may be collectively referred to as "Junior Lender" (Dkt. #60 at ¶ 13).

Additionally, on October 1, 2008, in conjunction with the execution of the APA, Secure One, McDonald, Data Preparation, and St. Cloud signed a Subordination Agreement (the "Agreement") (Dkt. #60 at ¶ 14).

> The Agreement, in relevant part, states as follows:
>
> The Junior Lender (Plaintiffs) hereby subordinates any and all indebtedness now or at any time hereafter owing by Borrower (Secure One), or any successor or assign of the Borrower, including without limitation, a receiver, trustee, or debtor-in-possession...to the Junior Lender, whether such indebtedness is absolute, contingent, direct or indirect and howsoever evidenced, including without limitation, all interest thereon, including pre-petition and post-petition interest, fees, and expenses and any other charges, and any refinancings thereof (collectively the "Junior Debt") to any and all indebtedness now or at any time hereafter owing by the Borrower to the Senior Lender (St. Cloud).
>
> The Junior Lender (Plaintiffs) hereby subordinates all security interests, liens, encumbrances and claims, whether now existing or hereafter arising, which in any way secure the payment of the Junior Debt...to all security interests, liens, encumbrances and claims, whether now existing or hereafter arising, which in any way secure the payment of the Senior Debt.
>
> The Junior Lender shall not (i) exercise any of the remedies with respect to the Junior Debt, or (ii) take any action to enforce any of its liens on the Junior Lender's Collateral.
>
> The Junior Lender agrees that it shall have no right to possession of any assets included in the Junior Lender's Collateral or in the Senior Lender's Collateral, whether by Judicial Action or otherwise.

(Dkt. #60 at ¶¶ 15-16).

Under the Subordination Agreement, Plaintiffs agreed to subordinate all indebtedness owed by Secure One to St. Cloud (Dkt. #60 at ¶ 17).

On December 16, 2009, Secure One signed a Secured Promissory Note under which Secure One agreed to pay St. Cloud the sum of $1,500,000 ("Note Three") (Dkt. #60 at ¶ 18). Note Three was originally due on August 31, 2012 (Dkt. #60 at ¶ 18). On June 20, 2011, St. Cloud and Secure One signed a Change In Terms Agreement ("CITA One") thereby aggregating the principal and interest under Note One, Note Two, and Note Three, and amending the terms of payment under those notes (Dkt. #60 at ¶ 18).

On December 1, 2012, St. Cloud and Secure One signed a Change In Terms Agreement ("CITA Two") amending the terms of payment in which Secure One agreed to pay all amounts due to St. Cloud by no later than December 31, 2014 (Dkt. #60 at ¶ 19).

Plaintiffs initiated this lawsuit against Defendant on July 9, 2013, asserting a cause of action for breach of promissory note (Dkt. #60 at ¶ 20).

On October 1, 2013, Plaintiffs and Defendant entered into a forebearance agreement (the "Forbearance Agreement") whereby the parties agreed to stay any prosecution of this action in exchange for regular monthly payments from Defendant (Dkt. #60 at ¶ 21). The Forbearance Agreement extended the payment deadline until June 1, 2014 (Dkt. #60 at ¶ 21).

On June 1, 2014, the parties entered into the First Amendment to the Forbearance Agreement extending the terms of the Forbearance Agreement to July 1, 2014 (Dkt. #60 at ¶ 22).

On July 10, 2014, the Parties entered into a Second Amendment to the Forbearance Agreement extending the terms to January 1, 2015 (Dkt. #60 at ¶ 23).

After the alleged default by Defendant under the Second Amendment to the Forbearance Agreement, Plaintiffs failed to send a written Blockage Notice and wait the requisite 180 days activated by the sending of the Blockage Notice (Dkt. #60 at ¶ 29).

On June 1, 2015, St. Cloud sent a Blockage Notice to Secure One. As of the filing of this Response, 180 days have not elapsed since Secure One delivered this Blockage Notice (Dkt. #60 at ¶ 30).

On June 10, 2015, St. Cloud sent a demand that Plaintiffs perform their obligations under the Agreement (Dkt. #71 at ¶ 16).

St. Cloud is the owner and holder of Note One, Note Two and Note Three. Note One, Note Two and Note Three were never assigned or transferred to any other person or entity (Dkt. #71 at ¶ 17).

As of April 30, 2015, Secure One was indebted to St. Cloud in the sum of $3,189,599.76, including principal and accrued interest (Dkt. #60 at ¶ 31).

Interest is accruing under Note One, Note Two and Note Three at the rate of twelve percent per annum, or $974.86 per diem (Dkt. #71 at ¶ 18).

St. Cloud has incurred attorney's fees in the sum of approximately $21,000.35 of this sum, St. Cloud incurred attorney's fees related to collection on Note One, Note Two and Note Three against Secure One in the sum of $7,000. St. Cloud incurred attorney's fees related to the determination and enforcement of its rights under the Subordination Agreement, the declaratory judgment action, and the determination of lien priority, against Plaintiffs in the sum of $14,000 (Dkt. #71 at ¶ 19).

On September 10, 2015, Plaintiffs filed their Motion for Summary Judgment and Brief in Support (Dkt. #54). On October 2, 2015, Defendant filed Secure One Data Solutions, LLC's

Response and Brief in Support of Response to Plaintiffs' Motion for Summary Judgment (Dkt. #60). On October 9, 2015, Plaintiffs filed their Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment (Dkt. #63). Plaintiffs seek summary judgment that Secure One breached the Promissory Note and that Plaintiffs are entitled to attorneys' fees based on Secure One's breach (Dkt. #54 at p. 2)

On January 15, 2016, St. Cloud filed Intervenor's Motion for Summary Judgment and Brief in Support (Dkt. #71). On January 29, 2016, Plaintiffs filed Plaintiffs' Response to Intervenor St. Cloud's Motion for Summary Judgment (Dkt. #72). On February 5, 2016, St. Cloud filed Intervenor's Reply to Plaintiffs' Response to Intervenor's Motion for Summary Judgement (Dkt. #73). On February 15, 2016, Plaintiffs filed their Sur-Reply to Intervenor St. Cloud's Motion for Summary Judgment (Dkt. #74). St. Cloud seeks summary judgment against Secure One on its claim for breach of contract and attorneys' fees against Secure One for breach of the notes (Dkt. #71 at ¶ 2). St. Cloud also seeks summary judgment against Plaintiffs for breach of the Agreement and attorneys' fees against Plaintiffs for the breach of the Agreement in addition to a declaratory judgment that St. Cloud has superior right to payment and superior lien position to Plaintiffs against the assets of Secure One (Dkt. #71 at ¶ 3).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

ANALYSIS

The parties agree that the Subordination Agreement is governed and controlled by the laws of the State of California (Dkt. #71 at ¶ 28; Dkt. #71 at Exhibit 7 at ¶ 7; Dkt. #72 at ¶ 72). However, Plaintiffs argue that St. Cloud is not entitled to a declaratory judgment due to an apparent ambiguity in the Agreement (Dkt. #72 at ¶ 1). Section 1.3 of the Agreement states that "[t]he Junior Lender shall not (i) exercise any of the remedies with respect to the Junior Debt, or (ii) take any action to enforce any of its liens on the Junior Lender's Collateral" (Dkt. #72 at ¶ 13). Section 1.6(d) states that "[o]nce the Blockage Period has expired, Junior Lender may, at its option, during any time period that Junior Debt is in default, take any enforcement action it dee[m]s appropriate with respect to all or any part of the Junior Debt, without any requirement that it obtain the prior consent of the Senior Lender" (Dkt. #72 at ¶ 14).

Plaintiffs contend that "[t]his provision was intentionally included by Henretta to give McDonald and Data Preparation . . . the right to enforce its Promissory Note against Secure One after the blockage period expire[d]" (Dkt. #72 at ¶ 16). Plaintiffs assert that when the contract is read as a whole, "the Court should interpret the Agreement to mean that after the blockage period expired, Plaintiffs were able to take any enforcement action needed in order to collect on the Note. The Court should also rule that after the blockage period expired, St. Cloud's rights under the Agreement were waived" (Dkt. #72 at ¶ 16). Defendant contends that "when the agreement is read as a whole, the Subordination Agreement is not contradictory. Further, Plaintiffs are bound by their agreement that their lien rights are subordinated to the lien rights of St. Cloud" (Dkt. #73 at ¶ 12).[1]

---

[1] St. Cloud argues that Plaintiffs' ambiguity argument is not relevant to a determination of the issues in St. Cloud's summary judgment motion (Dkt. #73). However, the Court believes that it is relevant to the summary judgment motion because if a fact finder was persuaded by Plaintiffs' argument that the Agreement should be interpreted to mean that "after the blockage period expired, St. Cloud's rights under the Agreement were waived" then St. Cloud

Under California law, when a contract provision is ambiguous, summary judgment is generally improper "because differing views of parties' intent will raise a genuine issue of material fact." *Meridian Project Systems, Inc. v. Hardin Const. Co., LLC*, 426 F.Supp. 2d 1101 (E.D. Cal. 2006) (citing *Maffei v. N. Ins. Co. of New York*, 12 F.3d 892, 898 (9th Cir.1993)).

"Under California law, interpretation of a contract is an issue of law if '(a) the contract is not ambiguous; or (b) the contract is ambiguous but no parole evidence is admitted or the parole evidence is not in conflict.'" *Meridian Project Sys., Inc. v. Hardin Const. Co.*, LLC, 426 F. Supp. 2d 1101, 1109 (E.D. Cal. 2006) (citing *Centigram Argentina, S.A. v. Centigram Inc.*, 60 F. Supp. 2d 1003, 1007 (N.D. Cal.1999)); *see WYDA Assocs. v. Merner*, 42 Cal. App. 4th 1702, 1710 (1996). Whether or not a contract is ambiguous is a question of law to be determined by the Court. *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal. 3d 903, 912 (1986). Under California law, a contractual provision is ambiguous when it is capable of two or more constructions, both of which are reasonable. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015). When interpreting contracts, the agreement must be "read as a whole in a manner which reconciles apparent repugnancies and, to the extent possible, gives some meaning to each clause." *S. Pac. Land Co. v. Westlake Farms, Inc.*, 233 Cal. Rptr. 794, 804 (Cal. Ct. App. 1987). If a contract provision is ambiguous, summary judgment is generally improper "because differing views of the intent of parties will raise genuine issues of material fact." *Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*, 426 F. Supp. 2d 1101, 1109 (E.D. Cal. 2006) (citing *Maffei v. N. Ins. Co.*, 12 F.3d 892, 898 (9th Cir.1993)).

The Court finds that the Agreement is ambiguous. Furthermore, the parole evidence that the parties submitted is not conclusive (Dkt. #72-1). After a careful review of the record and the

---

would not have a superior right to payment (Dkt. #72 at ¶ 16). Therefore, the Court finds that it is proper to analyze the ambiguity of the Agreement.

arguments presented, the Court is not convinced that Plaintiffs or Intervenor have met their burden of demonstrating that there is no material issue of fact entitling them to judgment as a matter of law.[2] The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt. #54) is hereby **DENIED**, and Intervenor St. Cloud's Motion for Summary Judgment and Brief in Support (Dkt. #71) is hereby **DENIED**.

**SIGNED** this 7th day of March, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Since the Court's determination was not based on the affidavit of Mr. Lautz, there is no need to determine if Plaintiffs' objection to St. Cloud's summary judgment evidence should be sustained or overruled (Dkt. #73 at ¶¶ 17-20). Additionally, the Court need not address whether St. Cloud is entitled to attorney's fees at this time (Dkt. #73 at ¶ 21).